**George L. HOWELL, Plaintiff,**

v.

**SINCLAIR REFINING COMPANY, a Corporation, Defendant.**

**Civ. A. No. 7012.**

United States District Court
N. D. Alabama, S. D.

May 24, 1957.

624

Hare, Parsons, Wynn & Newell, Birmingham, Ala., for plaintiff.

Spain, Gillon, & Young, Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

The chronology of events giving rise to the question for decision follows. George L. Howell, plaintiff, sued Sinclair Refining Company, a corporation, defendant, claiming damages for the wrongful death of his minor son. Thereafter, with leave of court, defendant, Sinclair, brought in Hayward Howell as a third-party defendant on the theory of indemnity, praying judgment over against the third-party defendant for all sums "that may be adjudged against the defendant and third-party plaintiff in favor of the plaintiff" in the original suit. The order on pretrial hearing contained the following provision: "Pursuant to Rule 42(b) the court orders separate trial of the issues made by the complaint and answer. Upon completion of the trial of such issues, pursuant to Rule 54(b), the court will direct the entry of a final judgment upon such issues and make an express determination that there is no just reason for delay." On March 16, 1954, a jury returned a verdict for plaintiff, George L. Howell, and against defendant, Sinclair, in the amount of $30,000 and the Clerk forthwith entered judgment for such amount and costs. Thereafter, on July 29, 1954, the court made and entered a determination and finding in accordance with Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A. that "there is no just reason for delay

in the entry of a final judgment upon said verdict rendered upon a trial of the issues made by the complaint and answer" and directed the Clerk to enter a final judgment in accordance with the verdict of the jury, and on the same date, the Clerk did enter judgment in favor of such plaintiff and against such defendant in the amount of $30,000 and costs. Following affirmance on appeal and receipt of the mandate from the United States Court of Appeals for the Fifth Circuit, 222 F.2d 637, defendant, Sinclair, paid into court a sum of money covering the judgment and all costs and including the sum of $680, representing interest for the period March 16, 1954, to July 29, 1954. By written stipulation such sum of $680 was to be retained by the Clerk pending decision by the court as to whether plaintiff was entitled to interest for such period.

Submitted by agreement of counsel on the question thus presented and argued orally and on briefs, both the problem and its solution are susceptible of concise statement.

█ Is an entry of judgment by the Clerk on the verdict of a jury in favor of the plaintiff on the issues made by the original complaint and answer in an action wherein there remained pending a third-party claim to money a money judgment upon which interest must be allowed as provided in 28 U.S.C.A. § 1961, prior to "an express determination by the court that there is no just reason for delay" and "an express direction for the entry of judgment"? The answer is "No."

Viewing the interplay of the foregoing section of the judicial code with the provisions of Rule 54(b) and Rule 58, F.R. C.P., it becomes apparent that July 29, 1954, and not March 16, 1954, is the date of the entry of the judgment of the court upon which interest is due to be calculated.

██ It seems quite clear that the Clerk's entry of judgment on March 16, 1954, the date of the jury verdict, was abortive. His authority to enter such judgment was derived from the directive of Rule 58, which is expressly made "subject to the provisions of Rule 54(b)", the terms of which are clear and self-explanatory. On the date of the jury's verdict the plaintiff might have obtained from the court an express direction for the entry of judgment on the basis of the promise spelled out in the pretrial order. The fact that he did not do so is fatal to his right to claim interest on the judgment from such date. 6 Moore's Federal Practice, 2nd Ed., § 54.42, p. 270.

In conformity with this opinion an order will be presented and entered directing the Clerk to refund the said sum of $680 to the attorneys of record for the defendant, Sinclair.